# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| WILLIE L. MCQUEEN | : | DOCKET NO. 2:05-cv-2061<br>Section P |
| VS. | : | JUDGE TRIMBLE |
| J. P. YOUNG, WARDEN | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Willie L. McQueen, pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

The Bureau of Prisons (BOP) has determined that petitioner is eligible for placement in a Community Corrections Center (CCC), commonly known as a halfway house, for the last 60-90 days of his criminal sentence. Petitioner claims that he is entitled to serve the last 6 months of his sentence in a CCC.

As a result of recent federal regulations enacted by the BOP, petitioner's eligibility for placement in a CCC is limited to the last 10% of his sentence, not to exceed 6 month. *See* 28 CFR § 570.21. In his petition, the petitioner challenges the rule-making power of the BOP, and he claims that the new rules governing CCC placement violate his rights under the Ex Post Facto Clause.

Petitioner states that he has presented this claim through all levels of the administrative remedy procedure and that his final step was denied by the Central Office on November 15, 2005.

## LAW AND ANALYSIS

Federal law authorizes the BOP to designate the place of an inmate's imprisonment and to place an inmate in a non-prison site (such as a CCC or "halfway house") during the last portion of his prison sentence in order to give the inmate an opportunity to adjust to and prepare for re-entry into the community. 18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c). Prior to December, 2002, it was the practice of the BOP to transfer inmates to CCCs for the last 6 months of their sentences, regardless of the length of the sentence. In December, 2002, the United States Department of Justice's Office of Legal Counsel (OLC) issued an opinion that the BOP's practice was inconsistent with the clear language of 18 U.S.C. § 3624(c)[1] which expressly limited the time during which a prisoner may be transferred to a non-prison site to a period "not to exceed six months, of the last 10 per centum of the term to be served."[2] Based upon this OLC Memo, the BOP revised its policy of transferring inmates to CCCs for the last 6 months of their sentence and began to limit such placements to not more than 10% of their sentences, not to exceed 6 months.

This revised policy was challenged by prisoners all over the country. Although many courts, including this one, upheld the 2002 BOP policy change as valid, in 2004 the First and Eighth Circuit Courts of Appeals held that the BOP's revised policy was not a permissible construction of the

---

[1] 18 U.S.C. § 3624(c) reads in pertinent part as follows:
**Pre-release custody.--** The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

[2] The OLC Memorandum Opinion states:
> Your office has advised us that BOP, in exercising its authority under section 3624(c), has sometimes not abided by the time limitation set forth in that section. The authority conferred under section 3624(c) to transfer a prisoner to a non-prison site is clearly limited to a period "not to exceed six months, of the last 10 per centum of the term to be served," 18 U.S.C. § 3624, and we see no basis for disregarding this time limitation.

OLC Memo. Opinion, p.7, n.6.

statute. See *Goldings v. Winn*, 383 F.3d 17 (1st Cir. 2004); *Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004). Specifically, these courts found that the BOP's interpretation of the limit imposed by § 3624(c) failed to consider that § 3621(b) gave the BOP discretion to transfer prisoners, if appropriate, at any time. In response the BOP adopted a new rule on CCC placement which went into effect on February 14, 2005. *See Community Confinement*, 70 Fed.Reg. 1659, 1663 (Jan. 10, 2005)(codified at 28 CFR §§ 570.20, 570.21).

The February 2005 rule, like the December 2002 policy, limits an inmate's eligibility to CCC placement to the last 10% of his prison term, not to exceed 6 months. However, unlike the December 2002 policy which was premised upon the belief that the BOP lacked discretion to make CCC placements before then, the February 2005 limitation reflects the BOP's decision to "exercise its discretion categorically to limit inmates' community confinement to the last ten percent of the prison sentence bing served, not to exceed six months." 70 Fed.Reg. at 1661.[3] In deciding to enact this rule, the BOP relied principally on the U.S. Supreme Court case of *Davis v. Lopez*, 531 U.S. 227 (2001) in which the Supreme Court upheld the BOP's decision to exercise its discretion through a categorical rule.[4] In *Lopez,* the Supreme Court recognized that "[e]ven if a statutory scheme requires individualized determinations . . . the decisionmaker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority." *Lopez*, 531 U.S. at 243-44 (internal quotation marks omitted).

---

[3] As explained by one court, the February 2005 Regulations "acknowledge the BOP's unlimited discretion to designate prisoners for CCC placement at any point during their sentence under § 3621(b)– thus remedying the interpretation of 18 U.S.C. § 3624(c) as limiting that discretion." *Troy v. Apker*, 2005 WL 1661101, *1 (S.D.N.Y. 2005).

[4] In *Lopez*, the Supreme Court upheld the BOP's categorical exercise of discretion to exclude certain inmates from eligibility for early release after successful completion of a drug treatment program under 18 U.S.C. § 3621(e)(2)(B). *See also* 28 CFR § 550.58.

3

It is clear that the BOP has the authority to enact rules and regulations to assist it in carrying out the duties which have been delegated to it by Congress, and this court finds that the February 2005 rule is a valid exercise of that authority. Under 18 U.S.C. § 3621(b), the BOP has the duty of designating the place of the prisoner's imprisonment. However, the authority granted to the BOP under this provision to transfer or designate a prisoner to a particular facility such as a CCC is broad and discretionary, and there is nothing in the statute which requires the BOP to consider transferring a prisoner to a CCC before the 10% date mandated by 18 U.S.C. § 3624(c). Thus, this court finds that the BOP's categorical rule which denies all prisoners a transfer to a CCC prior to their 10% date is a permissible, categorical exercise of the discretion statutorily granted to the BOP. *See Charboneau v. Menifee*, 2005 WL 2385862, *4 (S.D.N.Y. 2005); *Troy v. Apker*, 2005 WL 1661101 (S.D.N.Y. 2005).

To the extent that petitioner claims that the application of the BOP's new rule to him violates his rights under the *ex post facto* clause of the Constitution, his claim has no merit. Laws, policies, and other actions violate the *ex post facto* clause if they punish behavior that was not illegal at the time it was committed or if they increase punishment beyond that which was authorized at the time of the offense. *Garner v. Jones*, 529 U.S. 244 (2000). The new BOP rule does not increase the punishment imposed, retroactively cancel credits already earned toward early release, or remove an opportunity for early release for which the petitioner had already been found eligible. It merely postpones the petitioner's eligibility for pre-release custodial placement. *Sonnier v. Francis*, 2006 WL 126720 (S.D. Tex. 2006). Further, neither the Constitution nor the statutes nor the regulations at issue create an absolute right to the transfer that petitioner seeks. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Accordingly, petitioner fails

4

to show that the change in policy infringes on a vested or protected right or otherwise violates the *Ex Post Facto* Clause.

For the reasons stated above,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* be DENIED AND DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of February, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE